People v Ferdinand (2025 NY Slip Op 02414)

People v Ferdinand

2025 NY Slip Op 02414

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, O'Neill Levy, Michael, JJ. 

Ind No. 418/19|Appeal No. 4178|Case No. 2022-04523|

[*1]The People of the State of New York, Respondent,
v
Anthony Ferdinand, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Katheryne M. Martone of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Andrew J. Loizides of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about September 29, 2022, which adjudicated defendant a level three predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in declining a downward departure (see generally People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant's acceptance of responsibility, completion of sex offender treatment, participation in prison programming, and prison disciplinary record have been adequately taken into account by the risk assessment instrument (see People v Bevel, 224 AD3d 430, 431 [1st Dept 2024], lv denied 42 NY3d 902 [2024]). Defendant failed to establish that his response to sex offender treatment was so exceptional as to warrant a downward departure (see id.). He also failed to establish that his participation in prison programming, his prison risk assessment scores, or his childhood upbringing reduced his particular likelihood of reoffense or danger to the community (see id.; People v Watson, 112 AD3d 501, 503-504 [1st Dept 2013], lv denied 22 NY3d 863 [2014]). Furthermore, the mitigating factors cited by defendant are outweighed by the seriousness of the underlying offense, where he had a sexual relationship with a 13-year-old girl for over seven months (see People v Leslie, 230 AD3d 976, 977 [1st Dept 2024], lv denied 42 NY3d 911 [2025]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025